# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DAVID ABARA,

     *Petitioner,*

vs.

JACK PALMER, *et al.,*

     *Respondents.*

3:10-cv-00623-RCJ-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid.

    Following initial review, it appears that the petition may be subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause in writing why the petition should not be dismissed as time-barred.

### Background

    Petitioner David Abara challenges his 2006 Nevada state conviction, pursuant to a jury verdict, of one count each of burglary and uttering a forged instrument together with his adjudication as a habitual criminal.

    The judgment of conviction and adjudication was affirmed in substantial part on direct appeal, with a partial reversal and remand for a correction to the judgment of conviction. The state supreme court's order was filed on April 6, 1997, and the remittitur issued on May 2, 1997. #1-1, at electronic docketing pages 39 & 123-26.

1    Pursuant to Supreme Court Rule 13(3), the time period for filing a petition for a writ of

2 *certiorari* in the United States Supreme Court expired ninety days after the April 6, 1997, state

3 supreme court order, on Thursday, July 5, 1997.

4    According to the papers presented, on May 5, 2008, petitioner mailed a state post-

5 conviction petition to the state district court clerk for filing.  The state court clerk -- allegedly

6 after returning the petition due to the absence of a required affirmation -- ultimately filed the

7 petition on May 20, 2008.  #1-1, at electronic docketing pages 3, 41 & 43-45.

8    The state district court denied the petition as untimely.  The Supreme Court of Nevada

9 affirmed on this basis on September 10, 2010.  The state high court held that petition was

10 untimely under state law because it was not filed within one year of the May 2, 2007, issuance

11 of the remittitur.  #1-1, at electronic docketing pages 3, 41 & 43-45.

12    Petitioner mailed the federal petition to the Clerk of this Court on or about September

13 27, 2010.

14                                  ***Discussion***

15    Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises

16 the question of whether the petition is time-barred for failure to file the petition within the one-

17 year limitation period in 28 U.S.C. § 2244(d)(1).

18    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless

19 otherwise tolled, begins running after "the date on which the judgment became final by the

20 conclusion of direct review or the expiration of the time for seeking such direct review."  In the

21 present case, the limitation period, unless tolled or subject to a different starting date on some

22 other basis, thus began running on the face of the present record after the expiration of the

23 time period for filing a petition for *certiorari*, *i.e.*, after July 5, 2007.  Absent tolling, the one-

24 year limitation period would expire one year later, on Monday, July 7, 2008.

25    Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled

26 during the pendency of a properly filed application for state post-conviction relief.  However,

27 an untimely state post-conviction petition is not "properly filed;" and it thus does not statutorily

28 toll the federal limitation period.  *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807, 161

-2-

1  L.Ed.2d 669 (2005).  Petitioner's state post-conviction petition was denied as untimely, and

2  the petition therefore would not statutorily toll the federal limitation period under Section

3  2244(d)(2).

4  In the federal petition, Abara urges that the state supreme court erroneously

5  determined that his state petition was untimely filed.  Petitioner maintains that the remittitur

6  issued on May 8, 2007, rather than May 2, 2007; that he mailed the petition on May 5, 2008,

7  prior to the expiration of the one-year period; and that the petition nonetheless was not filed

8  timely because the state court clerk did not properly handle the petition after receiving it.

9  At the very outset, it is settled law that, once the state's highest court has determined

10 that the state petition is untimely, that is "the end of the matter" with regard to the statutory

11 tolling issue under Section 2244(d)(2), subject to other potential bases for tolling.  *See,e.g.,*

12 *Allen v. Siebert*, 552 U.S. 3, 7, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007); *Pace*, 554 U.S. at 414,

13 125 S.Ct. at 1812; *Lakey v. Hickman*, ___ F.3d ___, 2011 WL 13922, at *3 (9th Cir., Jan. 5,

14 2011); *White v. Martel*, 601 F.3d 882, 883 (9th Cir. 2010); *see also Zepeda v. Walker*, 581

15 F.3d 1013, 1018 (9th Cir. 2009)(state petition received by the state court clerk was not

16 "properly filed" and pending until all state court filing requirements, including a verification

17 requirement, were satisfied).

18 Petitioner's argument in any event is fundamentally flawed.

19 First, the copy of the remittitur filed by petitioner with his federal petition clearly reflects

20 that it was issued on May 2, 2007, not May 8, 2007.  The May 2, 2007, date the remittitur was

21 *issued* appears clearly above the signature of Chief Deputy Clerk J. Richards for the Clerk of

22 the Supreme Court of Nevada, Ms. Janette M. Bloom.  Petitioner instead mistakenly refers

23 to the May 8, 2007, date that the *state district court clerk* signed the *receipt* at the bottom of

24 the page for the remittitur issued in the case by the state supreme court clerk.  See #1-1, at

25 electronic docketing page 39.  Thus, if, as he suggests, petitioner mailed his state petition on

26 May 5, 2008, he did so three days *after* the state limitation period already had expired.

27 Second, it is long-established Nevada state law that a state petition must be *filed*

28 before the expiration of the state limitation period, not merely mailed prior to that date.  That

-3-

1   is, there is no "prison mailbox rule" for state post-conviction petitions in Nevada.  *Gonzales*
2   *v. State*, 118 Nev. 590, 53 P.3d 901 (2002).  Abara's state petition clearly was not filed (nor
3   was it even mailed) before the expiration of the state limitation period on May 2, 2008.

4          The untimely state petition clearly did not statutorily toll the federal limitation period
5   under Section 2244(d)(2). Absent other tolling or a different commencement date, the federal
6   limitation period therefore expired on July 7, 2008, one year after the expiration of the time
7   to seek *certiorari*.  The federal petition was not mailed for filing until September 27, 2010,
8   more than two years after the federal limitation period had expired.

9          The petition accordingly is time-barred on the face of the record currently presented.
10  Petitioner therefore must show cause in writing why the petition should not be dismissed with
11  prejudice as time-barred.

12         In this regard, petitioner is informed that the one-year limitation period may be equitably
13  tolled.  Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been
14  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'
15  and prevented timely filing." *Lawrence v. Florida*, 549 U.S.327, 336, 127 S.Ct. 1079, 1085,
16  166 L.Ed.2d 924 (2007)(*quoting Pace,* 544 U.S. at 418, 125 S.Ct. at 1814).  Equitable tolling
17  is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the
18  threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the
19  rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v.*
20  *Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)).  The petitioner ultimately has the burden of
21  proof on this "extraordinary exclusion." 292 F.3d at 1065.  He accordingly must demonstrate
22  a causal relationship between the extraordinary circumstance and the lateness of his filing.
23  *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney*
24  *General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

25         Petitioner also is informed that, under certain circumstances, the one-year limitation
26  period may begin running on a later date or may be statutorily tolled.  See 28 U.S.C. §
27  2244(d)(1)(B), (C) & (D) & (d)(2).

28         / / / /

1       IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition.[1]

2       IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner

3 shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as

4 time-barred. If petitioner does not timely respond to this order, the petition will be dismissed

5 with prejudice as time-barred without further advance notice. If petitioner responds to the

6 order but fails to demonstrate with competent evidence that the petition is timely, the petition

7 will be dismissed with prejudice.

8       IT FURTHER IS ORDERED that all assertions of fact made by petitioner must be

9 detailed, must be specific as to time and place, and must be supported by competent

10 evidence. The Court will not consider any assertions of fact that are not made pursuant to

11 a declaration under penalty of perjury based upon personal knowledge or that are not

12 supported by specific competent evidence filed by petitioner in the record in this Court.

13       The Court will hold the motion for counsel under submission pending petitioner's

14 response to this show cause order. The Court does not find that the interests of justice

15 require the appointment of counsel prior to petitioner's response to this show cause order.

16       DATED: February 4, 2011

17

18

19                    ROBERT C. JONES

20                    United States District Judge

21

22

23

24

25

26 _____

27    [1]The filing of the petition does not signify that either the petition or the claims therein otherwise are free of deficiencies. The Court defers consideration of any deficiencies in the papers presented until after a

28 determination of whether the petition is timely in the first instance.

-5-