# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID ABARA,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:10-cv-00623-RCJ-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court following upon review of petitioner's response (#10) to the Court's show cause order (#8) as to the timeliness of the petition (#9) as well as on petitioner's motion (#5) for appointment of counsel.

    On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court. Absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965). In the present case, taking into account the issues presented and petitioner's ability to articulate his position, the Court does not find that the interests of justice require the appointment of counsel at this juncture.

Turning to the show cause response, the petition is untimely on its face.[1] Petitioner seeks to overcome the untimeliness of the petition based upon a claim of actual innocence. The Ninth Circuit recently has suggested that the untimeliness of a federal petition under the one-year time bar in 28 U.S.C. § 2244(d) pehaps may be overcome upon a showing of actual innocence. *See Lee v. Lampert*, ___ F.3d ___, 2011 WL 3275947 (9th Cir., Aug. 2, 2011)(*en banc*)(potential *dicta*). The Court concludes following review of the show cause response and the materials referred to by petitioner, that the issue raised by petitioner can be most efficiently resolved following upon a response by respondents with the relevant state court record materials, including the trial transcript.

The matter therefore will be served for a response as outlined below. **Any response filed shall comply fully with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the petition and show cause response and which are entered pursuant to Habeas Rule 4.** The Court in particular wishes to resolve the timeliness issue first prior to addressing whether any claims that may remain are exhausted, procedurally defaulted, sufficiently stated, and/or present cognizable federal claims.

IT THEREFORE IS ORDERED that the Clerk of Court shall add Attorney General Catherine Cortez Masto as counsel for respondents, shall effect informal electronic service of this order upon the Attorney General, and shall contemporaneously provide her office with copies of ## 8-10, in a manner selected by the Clerk as per the Clerk's current practice for such matters, such as regeneration of notices of electronic filing.

IT FURTHER IS ORDERED that respondents shall have sixty (60) days from entry of this order within which to respond to the petition by way of a motion to dismiss directed to the timeliness of the petition. **Said motion shall directly address petitioner's claim of actual innocence, with citation to the relevant state court record materials**. No other potential

---

[1] See #8. The dates in the show cause order include typographical errors, *e.g.*, referring to a 2007 date instead as a 1997 date. It is essentially beyond dispute, however, that the petition in all events is untimely on its face.

defenses shall be waived by virtue of respondents addressing the timeliness issue first in response to the Court's order. The Court may modify the order in which other issues and/or claims are considered as the case proceeds forward.

IT FURTHER IS ORDERED that, with the response, respondents shall file – and serve upon petitioner – copies of all materials relevant to the timeliness issue and petitioner's claim of actual innocence, including but not necessarily limited to: (a) the trial transcript, if previously prepared; and (b) any fingerprint and/or handwriting reports or evidence if not otherwise encompassed within the trial transcript, with an appropriate covering affidavit or declaration by a custodian if same otherwise were not part of the state court record.

IT FURTHER IS ORDERED that the state court record exhibits filed by respondents herein shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. **Given the limited amount of anticipated state court record materials, there is no need to send a hard copy of the exhibits to the Court through the staff attorney.**

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service of the motion to dismiss to file an opposition to the motion. The deadline established by this order shall override any shorter deadline in a minute order issued pursuant to the *Klingele* decision. All factual assertions in the opposition must be supported by competent evidence.

IT FURTHER IS ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the individual deputy attorney general identified in the notice of appearance, at the address stated therein, a copy of every pleading, motion or other document submitted for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to respondents or counsel for respondents. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include an appropriate certificate of service.

1      IT FURTHER IS ORDERED that all requests for relief must be presented by a motion
2 satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure.  The Court
3 and the Clerk do not respond to letters and do not take action based upon letters.

4      DATED: This 26th day of August, 2011.

_____
ROBERT C. JONES
Chief United States District Judge