UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID ABARA,

    *Petitioner*,

vs.

JACK PALMER, *et al.*,

    *Respondents*.

3:10-cv-00623-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#27) to strike the reply that petitioner filed to respondents' reply on respondents' motion to dismiss.

A party may not file a reply to a reply, or surreply, on a motion without leave of court, which is not granted routinely for such filings. In his opposition to the motion to strike, petitioner makes a conclusory argument that respondents' reply contained new allegations not contained in the motion to dismiss that required a response. Review of petitioner's surreply instead reflects, however, that petitioner addressed his surreply argument to assertions made in the original motion to dismiss.[1] The surreply merely sought to get the last word in and either expand upon or rehash petitioner's arguments opposing the motion to dismiss, including an argument as to an alleged *Brady* violation that petitioner previously had argued in his opposition to the motion. The Court additionally notes that when the surreply

---

[1] E.g., #26, at 3, line 1: "In the Respondent's [sic] Motion to Dismiss (pg. 9 Footnote 8), the respondents state . . . ."

was mailed for filing on or about February 2, 2012, petitioner necessarily would have been responding only to the motion to dismiss and reply.

IT THEREFORE IS ORDERED that respondents' motion (#27) to strike is GRANTED and that petitioner's response (#26) to respondents' reply is STRICKEN. The Court will address respondents' pending motion to dismiss as promptly as its habeas docket allows.

DATED: September 30, 2012.

_____
ROBERT C. JONES
Chief United States District Judge